The opinion of the court was delivered by
Spencer, J.
Kearney, Blois & Co., of New Orleans, pledged, on eighth December, 1869, to the plaintiff, with power to sell, transfer, etc., seventy-seven shares of the stock of the Marine Dry Dock and Ship *150 yard Company — evidenced by three certificates, No. 1 for twenty-five shares, No. 2 for fifty shares, and No. 59 for two shares — to secure a loan of $5000.
Kearney, Blois & Co. were the treasurers of the defendant company, and Mr. Blois, of that firm, was its president. The business of the dock company was transacted, and its books kept, at the office of said firm, on Magazine street, New Orleans, though, by its charter, its domicile and offices were nominally in Algiers.
On twenty-fifth January, 1870, said firm — being as stated, treasurers, of the company, and one of its members president thereof, and some of them directors — caused the secretary of the company to cancel on its book the above three certificates of stock, and had issued to themselves two new certificates for said seventy-seven shares. These new certificates were entered by the secretary, and signed by Blois, president of the company, and delivered to said firm, without requiring the surrender of the old certificates. Having done this, the firm of Kearney, Blois & Oo. pledged these new certificates to other parties, who gave the company due notice of the pledge. On eighteenth May, 1870, the plaintiff addressed a letter to the secretary of the Dock Company, informing him of the pledge, and of plaintiffs right to the dividend that day declared on stock. This letter was delivered to Bernos, of the firm of Kearney, Blois & Co., at their said office. On first June plaintiffs received from the treasurers, their check for $385, as dividend on the pledged stock. The parties to whom Kearney, Blois & Co. had pledged the new certificates foreclosed their pledges and bought in the stock and had it transferred to them on the books of the company in August, 1870.
When the plaintiff’s transferee, Barton, presented the old certificates for transfer on the books of the company, it was refused on the ground that the stock for which they called had already been transferred to. other parties by virtue of their holding said new certificates. Barton sought to enforce his rights by law, but failed. This suit is now brought by the plaintiff, the original pledgee, against the Dock Company for damages, caused by the wrongful and fraudulent acts of its agents and officers.
The certificates of this Dock Company declare that the stock is “transferable on the books of the company,” and do not contain the-customary clause, “ on the surrender of this certificate.”
The defense may be summarized and considered under the following heads:
First — Was the defendant company entitled to notice of the pledge-to plaintiff; and if so, did it have notice thereof seasonably and in due form?
Second — If it was not entitled to notice, or if it had notice, is it liable to plaintiff for damages ?
*151 The first of these questions depends upon another; what is a certificate of stock? It is-now well settled that a certificate of stock is not a credit or evidence of debt, but is merely evidence of ownership of 'a certain interest in the assets and property of a corporation. See Harris vs. Bank of Mobile, 5 An. 538. The corporation is not a debtor in the usual sense of that term. In the case of Samuel Smith et al. vs. Crescent City Slaughterhouse Company, lately decided and not yet reported, w'e had occasion to review at length the authorities on this subject, and it will not be necessary to repeat them here. We there held that under the act of twelfth of February, 1852, p. 15, amendatory (and now article 3158) of the Bevised Civil Code, that the pledge (and therefore sale) of “ promissory notes, bills of exchange, stocks, obligations, or claims upon other persons was valid against third persons without other or further formality than delivery to the creditor of the notes, bills, certificates of stock, or other evidences of the claim, etc., except in the case where the thing pledged was “ a credit not negotiable,” in which last case the debtor must have notice of the pledge or transfer. See, also, 3160 R. C. C.
Certificates of stock not being credits or evidences of debt, do not come within the scope of the stated exception. The law is positive that pledges “ of stocks ” are valid against third persons by mere delivery of “ the certificates.” It does not distinguish between negotiable or nonnegotiable certificates, nor between those which declare that to effect a transfer the certificate must be surrendered and those'that do not so declare.
We think that by thus making stocks transferable by mere delivery of the certificate the law has intended to interdict corporations from transferring stocks on their books, except upon surrender of the certificate, or upon proof of its loss or destruction. These certificates of stock have become such important factors in trade and credit that the law has intended to surround those who take them with the Safeguards it accords to the holders of the other great agencies of commerce, bills, notes, bills of lading, etc.
Under this view, it is unnecessary to discuss the question whether the defendant company had notice of the pledge, though we confess that the facts already detailed in this opinion seem to leave little room for discussion on that point. How it can be argued in a case like this, where the question is simply whether a corporation had notice of a fact, and where no particular form of notice is required, that a knowledge of that fact by its president, its directors, and treasurer is ¡¿sufficient, we are at a loss to understand. A corporation can not see or- know any thing except by the eyes or intelligence of its officers. In casés therefore where knowledge in any form will suffice, a corporation must be held to know what its president and chief officers know.
*152 Second — These officers having taken advantage Of their position as officers to practice a fraud upon the plaintiffs, by wrongfully canceling their certificates of stock, and transferring it in new form to others, 'things which they could only do by reason of their official position, the corporation is undoubtedly liable for their acts. 38 Barbour, 527.
The judge a quo fixed the damages at four thousand dollars, and inadvertently, as stated by himself, allowed eight per cent interest thereon from twenty-third January, 1870. The rate of interest should have .been five per cent from judicial demand.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended so as to allow on the amount thereof five per cent interest from thirty-first May, 1873, instead of eight per cent from twenty-third January, 1870, and that as thus amended said judgment is affirmed; plaintiff and appellee to pay costs of appeal, and •defendant those of the court below.
Rehearing refused.